## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **JEROME CLARKE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 3:23-cv-00004-CAR-CHW** |
| **V.** | : | |
| | : | |
| **MARY WADE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| ———————————————— | : | |

### <u>ORDER OF DISMISSAL</u>

*Pro se* Plaintiff Jerome Clarke, a prisoner in Central State Prison in Macon, Georgia, has filed a complaint seeking relief under 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  Because Plaintiff has three strikes under the Prison Litigation Reform Act and his complaint does not allege that he is in imminent danger of serious physical injury, his motion for leave to proceed *in forma pauperis* is now **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE** as set forth below.  Alternatively, Plaintiff's complaint is dismissed for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision."  A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.  *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim.  *See, e.g.,* Order, *Clarke v. Adams*, Case No. 10-15936 (11th Cir. 2001) (dismissing appeal as frivolous); Order, *Clarke v. Miller*, Case No. 1:96-cv-0164-JEC (N.D. Ga. 1996) (dismissing case as frivolous); *Clarke v. Ga. Dep't of Corrs.*, 1:03-cv-00674-JEC (N.D. Ga. 2003) (dismissing case pursuant to 28 U.S.C. § 1915(g)).  Furthermore, Plaintiff has been identified as a "three-striker" in subsequent suits.  *See e.g.*, *Clarke v. Ga. Dep't of Transportation*, Case No. 1:04-cv-2433-JEC (N.D. Ga. 2004).

2

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff's allegations relate to land that he believes should be turned over to him. *See* Compl. 5-8, ECF No. 1. Nothing in Plaintiff's complaint suggests that he is in any danger of serious physical injury. Thus, Plaintiff may not proceed *in forma pauperis* in this action. Although the complaint may be dismissed on that basis alone,[1] the Court notes that dismissal is also appropriate because the complaint does not state a claim upon which relief may be granted insofar as it is clear on the face of the complaint that none of

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $400.00 filing fee.

the defendants are state actors.  This alternative basis for dismissal is discussed below.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.      Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of his complaint.  See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).  When performing this review, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual allegations in a complaint "must be enough to raise a right to relief above

the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Claims

As noted above, Plaintiff's complaint concerns land that he believes should belong to him. Plaintiff identifies the defendants as the two individuals who currently have possession of the land. To state a claim for relief under § 1983, a plaintiff must allege that his constitutional rights were violated by a person acting under color of state law. *Hale*, 50 F.3d at 1582. Plaintiff's allegations do not suggest that either of the defendants constitutes a state actor for the purpose of a § 1983 claim. Thus, dismissal is also appropriate for failure to state a claim because it appears on the face of the complaint that the defendants are not state actors.

5

## CONCLUSION

Therefore, because Plaintiff is not entitled to proceed *in forma pauperis*, and, alternatively, because he has failed to state a claim upon which relief may be granted, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 6th day of February, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT